UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| GERALD BRANAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 4:15-CV-115 RM |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Gerald Branam, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-08-324) where the Disciplinary Hearing Officer (DHO) at the Miami Correctional Facility found him guilty of Conspiracy to Possess a Controlled Substance on September 8, 2015, in violation of B240/202 and sanctioned him with the loss of 47 days earned credit time and demoted him to Credit Class 3.

Mr. Branam presents one ground for challenging this proceeding. He argues that he "was denied my right to an appeal to the final reviewing board." DE 1 at 2. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Wolff identified several rights that inmates have in the disciplinary hearing itself, but Wolff didn't for an appeal right, and it isn't for this court to create one. White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) ("Baxter v. Palmigiano, 425 U.S. 308 (1976), warns . . . not to add to the procedures required by Wolff, which, Baxter held, represents a balance of interests that should not be further adjusted in favor of prisoners.") Therefore,

habeas relief is not available even if Mr. Branam had been denied an appeal.

Even so, Mr. Branam wasn't denied an appeal. Rather the processing of his appeal paperwork was only temporarily delayed. The Final Reviewing Authority considered the merits of his arguments on appeal and denied them on November 19, 2015. DE 1-2 at 1. Mr. Branam argues that prison policies were violated in the way his appeal was processed, but the violation of a prison policy isn't a basis for habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

For these reasons, the court DENIES the petition for a writ of habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 and DISMISSES this case.

SO ORDERED.

ENTERED: December  21 , 2015.

　　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.　
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court